UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDRE MCKINLEY BELL,

                Petitioner,                Case Number: 09-CV-11079

v.                                      HON. JOHN CORBETT O'MEARA

KENNETH ROMANOWSKI,

                Respondent.
                                           /

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Andre McKinley Bell, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition contains unexhausted claims, the Court will summarily dismiss the petition without prejudice.

### I.

Petitioner is incarcerated pursuant to convictions for first-degree criminal sexual conduct and home invasion, rendered in Kalamazoo County Circuit Court. On June 5, 2007, Petitioner was sentenced 17 to 30 years' imprisonment for the home invasion conviction, and 10 to 20 years' imprisonment for the criminal sexual conduct conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming that he was denied a fair trial by prosecutorial misconduct. The Michigan Court of Appeals affirmed his convictions. *People v. Bell*, No. 279183 (Mich. Ct. App. Nov. 20, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised before the Michigan Court of Appeals, and claims of insufficient evidence

and ineffective assistance of counsel. The Michigan Supreme Court denied leave to appeal. *People v. Bell,* No. 137883 (Mich. Feb. 24, 2009).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. Was defendant denied a fair trial by the cumulative effect of improper examination and closing argument concerning complainant's religious beliefs and practices made by the prosecutor.
>
> II. There was insufficient evidence to support the guilty verdicts under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).
>
> III. Both trial and appellate counsels were ineffective and their performance fell below objective standard of reasonableness. There [was] a constructive (functional) denial of counsel.

## II.

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v.*

*Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). The petitioner bears the burden of showing that state court remedies have been exhausted. *Id.* at 1420, n.3. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)

Petitioner's second and third claims were presented for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and

resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, March 19, 2009, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

            s/John Corbett O'Meara
            United States District Judge

Date: April 17, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 17, 2009, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager