# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDRE BELL,

                Petitioner,               Case Number: 5:09-CV-11079

v.                                        HON. JOHN CORBETT O'MEARA

KENNETH ROMANOWSKI,

                Respondent.

_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Andre Bell, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On April 17, 2009, the Court issued an Opinion and Order of Summary Dismissal Without Prejudice, on the ground that Petitioner failed to exhaust his state court remedies. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on

procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court dismissed the petition because two of the claims presented were unexhausted. A habeas petitioner must "fairly present" his claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In this case, Petitioner presented his unexhausted claims for the first time in his application for leave to appeal to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Thus, the Court held that Petitioner failed to exhaust his state court remedies with respect to his second and third

claims. Additionally, the Court held that the Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims, the filing of a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.* The Court dismissed the petition without prejudice so that Petitioner could pursue exhaustion of his state court remedies.

This Court holds that jurists of reason would not find the conclusion that two of the claims presented in the habeas petition were unexhausted to be debatable or wrong. *See Slack*, 529 U.S. at 484. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: July 21, 2009

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 21, 2009, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager